THE LAW OFFICE OF GREGORY A. FERREN, LLLC

Gregory A. Ferren, Bar No. 6476
92-1075 Koio Drive, Suite A
Kapolei, Hawai'i  96707
Telephone:  (808) 947-1605
Facsimile:  (888) 705-0511
E-Mail:     greg@ferrenlaw.com

Attorney for Plaintiffs
AVID AMIRI, Individually and as
Trustee of the DEUTSCHE
INTERNATIONAL TRUST II

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AVID AMIRI, Individually and as Trustee of the DEUTSCHE INTERNATIONAL TRUST II,<br><br>            Plaintiffs,<br>   vs.<br><br>COUNTY OF MAUI; DOE DEFENDANTS 1-100,<br><br>            Defendants. | Case No. 19-cv-373<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

# **COMPLAINT**

COMES NOW, Plaintiff Avid Amiri, Individually and as Trustee of the

Deutsche International Trust II, by and through his attorney, and complaining of

Defendants above-named, alleges and avers as follows:

## PARTIES

1.  Plaintiff Avid Amiri ("Amiri") is a citizen and resident of the State of Utah and the trustee and beneficiary of the Deutsche International Trust II ("DIT"), a Utah revocable trust.

2.  Defendant Maui County ("County") is a political subdivision of the State of Hawai'i. Its powers are governed by Article VIII of the Constitution of the State of Hawai'I, by Hawai'i Revised Statutes ("H.R.S.") Chapter 46 and other state laws, and by the Maui County Charter.

3.  Doe Defendants 1-100 ("Doe Defendants") are individual residents of Hawaii whose actual identities are not yet specifically known and who caused or contributed to Plaintiffs' injuries.  Plaintiffs have reviewed all facts available to them to determine the Doe Defendants and their activities and/or responsibilities and will continue such investigation as this case progresses.  Plaintiffs will seek leave to identify or certify Doe Defendants as to their true names, identities, capacities, activities, and/or responsibilities when the same are ascertained.

## JURISDICTION AND VENUE

4.  This is a suit which is authorized by and instituted, in part, pursuant to 28 U.S.C § 1332 in that at the time the suit is being commenced, there is complete diversity of citizenship between the Plaintiffs and the Defendants, and because this

suit involves an amount in controversy which exceeds $75,000 for each claim asserted exclusive of interest, costs, or attorney's fees. Consequently, this Court has jurisdiction over this matter.

5. The incidents that form the basis of this suit and all of the unlawful practices and torts alleged herein occurred within the State of Hawaii and/or caused injury in the State of Hawaii, and within this District. Consequently, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND

6. DIT owns, and at all relevant times did own, real property located at 372 Puu Way, Haiku, Maui 96707 (the "Property).

7. On or around August 24, 2018, a culvert located near the Property failed, causing the only road that provided access to the Property to be completely washed out.

8. As a result of the failure of the culvert, the Property became landlocked.

9. Upon information and belief, the design, construction, and/or maintenance of the culvert was defective and/or insufficient for its location, and/or the County failed to act in a reasonable manner in connection with the design, construction, and/or maintenance of the culvert.

10. In media reports of the incident, Director of Public Works, David

Goode, admitted that the County was in fact negligent in its maintenance of the culvert. Specifically, Mr. Goode was quoted as stating that "the two 72-inch-diameter corrugated drainage pipes under the road had reached the end of their useful life", and that "[a]t Waha Place downstream, two 96-inch culverts were installed four years ago" which "seemed to do OK" during the August 24, 2018 storm.

11. In addition, following the incident, the County has failed to take reasonable steps to repair and replace the culvert or otherwise restore access to the Property.

12. As a result of the County's negligence, Plaintiffs have suffered damages that include, but are not limited to, loss of rental income, loss in the value of the Property, general deterioration of the both the Property and personal property contained therein as a result of the lack of access, and a burglary that occurred that was made possible by the fact that the Property was isolated and landlocked.

13. Plaintiffs provided written notice of their claims pursuant to H.R.S. § 46-72 on December 17, 2019. Plaintiffs were notified of the County's denial of their claim by letter dated February 19, 2019.

## COUNT I - NEGLIGENCE

14. Plaintiffs reallege and incorporate by reference herein the foregoing

paragraphs.

15. The County owed a duty to Plaintiffs to act reasonably in connection with the construction, inspection, maintenance, and repair of the culvert and roadway that provided access to the Property.

16. The County also owed a duty to Plaintiffs to act reasonably in connection with restoring access to the Property after the incident of August 24, 2018.

17. The County breached said duties as set forth in further detail above and, as such, was negligent.

18. As a direct and proximate cause of the County's negligence, Plaintiffs suffered damages in an amount to be proven at trial.

## COUNT II – GROSS NEGLIGENCE

19. Plaintiffs reallege and incorporate by reference herein the foregoing paragraphs.

20. The actions of the County, as set forth above, were wanton, malicious, reckless, and grossly negligent, and involved an extreme degree of risk considering the probability and magnitude of the potential harm to residents and property owners.

21. As a direct and proximate cause of the County's wanton, malicious, reckless, and grossly negligent conduct, Plaintiffs suffered damages in an amount

to be proven at trial.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and that they be awarded:

A.     Restitution, actual, special, general, compensatory, expectation, consequential, treble, exemplary, and/or punitive damages, as is appropriate, in amounts to be proven at trial;

B.     Prejudgment and post-judgment interest;

C.     Costs of suit and attorneys' fees; and,

D.     Such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, July 11, 2019.

                      THE LAW OFFICE OF GREGORY A. FERREN

                      /s/ Gregory A. Ferren
                      Gregory A. Ferren

                      Attorney for Plaintiffs