DEPARTMENT OF THE
  CORPORATION COUNSEL      205

MOANA M. LUTEY              6385
Corporation Counsel
JOHN K. HOLIONA             6593
THOMAS KOLBE               7679
Deputies Corporation Counsel
County of Maui
200 South High Street
Wailuku, Maui, Hawaii 96793
Telephone No.: (808) 270-7741
Facsimile No.: (808) 270-7152
E-mail: john.holiona@co.maui.hi.us
E-mail: thomas.kolbe@co.maui.hi.us

Attorneys for Defendant
COUNTY OF MAUI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AVID AMIRI, Individually and as Trustee of the DEUTSCHE INTERNATIONAL TRUST II,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF MAUI; DOE DEFENDANTS 1-100,<br><br>                    Defendants. | CIVIL NO. CV 19-00373 JAO-RT<br><br>DEFENDANT COUNTY OF MAUI'S ANSWER TO PLAINTIFFS AVID AMIRI, Individually and as Trustee of the DEUTSCHE INTERNATIONAL TRUST II'S COMPLAINT FILED ON JULY 11, 2019; CERTIFICATE OF SERVICE |

## DEFENDANT COUNTY OF MAUI'S ANSWER TO PLAINTIFFS' COMPLAINT FILED JULY 11, 2019

DEFENDANT COUNTY OF MAUI ("Defendant"), by and through its attorneys, MOANA M. LUTEY, Corporation Counsel, JOHN K. HOLIONA and THOMAS KOLBE, Deputies Corporation Counsel, hereby answer Plaintiff AVID AMIRI, Individually and as Trustee of the DEUTSCHE INTERNATIONAL TRUST II's Complaint filed on July 11, 2019 as follows:

**FIRST DEFENSE**:

1. Plaintiff fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**:

2. Defendant admits the allegations contained in paragraphs 2 and 4 of the Complaint.

3. As to paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to determine the truth of the allegations, and on that basis denies same and leaves Plaintiffs to their proof.

4. As to paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to determine the truth of the allegations, and on that basis denies same and leaves Plaintiffs to their proof.

5. As to paragraph 5 of the Complaint, Defendant admits that venue is proper. As to the remaining allegations contained in paragraph 5 of the Complaint,

2

Defendant is without sufficient knowledge or information to determine the truth of the allegations, and on that basis denies same and leaves Plaintiffs to their proof.

6. As to paragraph 13 of the Complaint, Defendant admits that on January 10, 2019, it received a Claim for Damage or Injury from Plaintiffs. Defendant further admits that Defendant denied Plaintiffs' Claim for Damage or Injury by letter dated February 19, 2019. Defendant further admits that the Claim for Damage or Injury contained two (2) letters from Plaintiff dated December 17, 2019, and dated January 4, 2019, respectively. All other remaining allegations contained in paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to determine the truth of the allegations, and on that basis denies the same and leaves Plaintiffs to their proof.

7. As to paragraphs 6, 7, 8, 9, 10, 11, and 12 of the Complaint, Defendant is without sufficient knowledge or information to determine the truth of the allegations, and on that basis denies same and leaves Plaintiffs to their proof.

8. Defendant denies the allegations contained in paragraphs 15, 16, 17, 18, 20, and 21 of the Complaint.

9. As to paragraphs 14, and 19 of the Complaint, Defendant incorporates and re-alleges its answer stated above.

10. Defendant denies any and all allegations not specifically admitted herein and denies all legal conclusions set forth in Plaintiffs' Complaint not specifically admitted herein.

**THIRD DEFENSE**:

11. Plaintiffs are barred from maintaining this action against Defendant based upon the applicable statute of limitations.

**FOURTH DEFENSE**:

12. Plaintiffs are barred from maintaining this action against Defendant by reason of Plaintiff's failure to exhaust administrative and/or other remedies.

**FIFTH DEFENSE**:

13. Defendant County intends to rely upon any and all common law and statutory immunities available to it as a defense against Plaintiffs' claims.

**SIXTH DEFENSE**:

14. Plaintiffs are barred from maintaining this action against Defendant County through the affirmative defenses of waiver and estoppel.

**SEVENTH DEFENSE**:

15. Plaintiffs' claims are barred because Defendant County did not violate any state or federal law or right.

**EIGHTH DEFENSE**:

16. Plaintiffs' claims are barred because Defendant County did not violate any common law or statutory duty owed to Plaintiff.

**NINTH DEFENSE**:

17. Plaintiffs should be denied any relief herein on the grounds of unclean hands.

**TENTH DEFENSE**:

18. Plaintiffs have failed to mitigate their damages.

**ELEVENTH DEFENSE**:

19. Defendant County claims the benefit of all limitations on damages which are, or may be available to it, including but not limited to, those which may be applicable at common law or pursuant to statute, charter, or ordinance.

**TWELFTH DEFENSE**:

20. Defendant County intends to rely on any and all other matters constituting avoidance or affirmative defenses, as set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

**THIRTEENTH DEFENSE**:

21. Defendant County claims the benefit of any and all immunities available to it as a political subdivision of the State of Hawaii under the doctrine of sovereign immunity.

**FOURTEENTH DEFENSE**:

22. Plaintiffs are barred from maintaining this action against Defendant County through the affirmative defenses of waiver and estoppel.

**FIFTEENTH DEFENSE**:

23. Defendant County acted in good faith and its actions were reasonable.

**SIXTEENTH DEFENSE**:

24. Plaintiffs' claims are barred by their own misconduct or neglect of work.

**SEVENTEENTH DEFENSE**:

25. Plaintiffs' claims are barred because Defendant County acted in accordance with public policy or public necessity.

**EIGHTEENTH DEFENSE**:

26. Plaintiffs have failed to join indispensable parties.

**NINETEENTH DEFENSE**

27. Defendant County claims the benefit of all limitations on damages which are, or may be available to it, including but not limited to, those which may be applicable at common law or pursuant to statute, charter or ordinance.

## TWENTIETH DEFENSE

28. Plaintiffs are barred from maintaining this action against County because they can point to no custom, policy, practice and/or procedure engaged in by County which is contrary to law.

## TWENTY-FIRST DEFENSE

29. Plaintiffs lack standing and/or is not the proper Plaintiff.

## TWENTY-SECOND DEFENSE

30. Plaintiffs did not suffer any actual injury and/or their emotional distress was not serious or severe.

## TWENTY-THIRD DEFENSE

31. Any alleged negligence by Defendant County was not the proximate cause of Plaintiffs' injuries, if any.

## TWENTY-FOURTH DEFENSE

32. Plaintiffs have failed to mitigate their damages.

## TWENTY-FIFTH DEFENSE

33. Defendant County owed Plaintiffs no duty.

## TWENTY-SIXTH DEFENSE

34. Plaintiffs are barred from maintaining this action against Defendant County by contributory and/or comparative negligence or other wrongful conduct which was the proximate cause of any alleged damages sustained by Plaintiffs.

**TWENTY-SEVENTH DEFENSE**

35. Plaintiffs are barred from maintaining this action against the Defendant County because the Defendant County acted without malice, with no knowledge that its acts and/or omissions were illegal and/or unconstitutional, and without requisite scienter.

**TWENTY-EIGHTH DEFENSE**

36. Defendant County acted in good faith and its actions were reasonable.

**TWENTY-NINTH DEFENSE**

37. Defendant County affirmatively states that the acts and/or omissions of Plaintiffs and/or others, not including Defendant County, were the sole cause of the alleged damages sustained by Plaintiffs, and that such acts and/or omissions of Plaintiffs and/or others bar Plaintiffs from any recovery from Defendant County.

**THIRTIETH DEFENSE**

38. Defendant County was not negligent or malicious.

WHERFORE, Defendant County of Maui prays for the following relief:

A. That Plaintiffs' Complaint be dismissed;

B. That Defendant County be awarded its reasonable attorneys' fees and costs incurred in defending against Plaintiffs' claims and causes of actions.

C. That Defendant County be granted such other and further relief as is just and equitable in the premises.

DATED:  Wailuku, Maui, Hawaii, August 6, 2019.

                MOANA M. LUTEY
                Corporation Counsel
                Attorneys for Defendant
                COUNTY OF MAUI


       By    /s/ John K. Holiona
                JOHN K. HOLIONA
                THOMAS KOLBE
                Deputies Corporation Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AVID AMIRI, Individually and as Trustee of the DEUTSCHE INTERNATIONAL TRUST II,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF MAUI; DOE DEFENDANTS 1-100,<br><br>Defendants. | CIVIL NO. CV 19-00373 JAO-RT<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served upon the following parties, through CM/ECF:

    Gregory A. Ferren
    The Law Office of Gregory A. Ferren, LLLC
    92-1075 Koio Drive, Suite A
    Kapolei, HI 96707

    Attorney for Plaintiff

1

DATED: Wailuku, Maui, Hawaii, August 6, 2019.

        MOANA M. LUTEY
        Corporation Counsel
        Attorneys for Defendant
        COUNTY OF MAUI


By   /s/ John K. Holiona
      JOHN K. HOLIONA
      THOMAS KOLBE
      Deputies Corporation Counsel