# SECOND AMENDED MINUTES

| | |
|---|---|
| CASE NUMBER: | **1:19-cv-00373 JAO-RT** |
| CASE NAME: | Avid Amiri, *Individually and as Trustee of the Deutsche International Trust II* v. County of Maui |
| ATTYS FOR PLA: | *Gregory A. Ferren<br>*Kerry Culpepper |
| ATTYS FOR DEFT: | *Brian Bilberry |

| | | | |
|---|---|---|---|
| JUDGE: | Jill A. Otake | REPORTER: | Ann Matsumoto |
| DATE: | 10/14/2021 | TIME: | 10:00am-11:10am |

COURT ACTION: **SECOND AMENDED** EP: Hearing on [79] Defendant's Request for Judicial Notice No. 1 Regarding the August 24, 2018 Cyclone Storm Hurricane Lane and Various Motions in Limine [73], [74], [75], [76], [77], [78], [80], [81], [82], [84], [85], and [86] was conducted by video teleconference.

Oral arguments heard.

The Court's rulings on the motions in limine are without prejudice and may be revisited, if appropriate, during trial. Any evidence deemed admissible remains subject to other evidentiary objections at trial.

[73] Plaintiffs' Motion in Limine No. 1 re Alleged Prior Crimes - GRANTED.

[74] Plaintiffs' Motion in Limine No. 2 re Exclusion of Reference to Prior Vacation Rental Incidents - GRANTED.

[75] Plaintiffs' Motion in Limine No. 3 re Exclusion of Inaccurate Characterization of Storm - DENIED.

[76] Plaintiff's Motion in Limine No. 4 re Prior Legal Dispute with County of Maui - GRANTED.

[77] Plaintiffs' Motion in Limine No. 5 re Allegations and Inferences of Building Code Violations - GRANTED.

[78] Plaintiffs' Motion in Limine No. 6 re Exclusion of Documents, Information, Testimony, and Witnesses Not Disclosed During Discovery - GRANTED in part, DENIED in part.  Impeachment witnesses and documents are not excluded.  Any witness or evidence not disclosed, whose identity was not revealed, or was not produced by the discovery cut-off, may not be called to testify or used during trial.  To the extent Mr. Amiri may have had the evidence in his possession (such as the documents from prior litigation, should those become somehow admissible), or was aware of the evidence, it is not excluded under Federal Rule of Civil Procedure 37.

[79] Defendant's Request for Judicial Notice No. 1 Regarding the August 24, 2018 Cyclone Storm Hurricane Lane  - DENIED.

[80]   Defendant's Motion in Limine No. 1 to Preclude Plaintiffs' Expert Raymond G. Helmer, P.E.'s Opinion Testimony Regarding Alleged "Inferior Design," Defect(s) and/or "Failure" of the Puʻu Way Stream Culvert - GRANTED.  This motion is granted as to an opinion regarding defective or inferior design.

[81] Defendant's Motion in Limine No. 2 to Preclude Plaintiffs' Expert Raymond G. Helmer, P.E.'s Opinion Testimony Regarding the County of Maui's Alleged Negligence for Failing to Maintain, Repair, or Replace the Puʻu Way Stream Culvert - DENIED.  This motion is denied as to an opinion regarding negligent maintenance.

[82] Defendant's Motion in Limine No. 3 to Preclude Plaintiffs from Introducing Any Evidence or Testimony Related to Subsequent Remedial Measures to the Puʻu Way Stream Culvert  - GRANTED.

Defendant's Motions in Limine Nos. 1-3 are denied to the extent they seek legal determinations about foreseeability, the economic loss rule and the discretionary function exception.

[84] Defendant's Motion in Limine No. 4 to Preclude Introduction of Any Hearsay Statements About Any Alleged Previous Failure of the Puʻu Way Stream Culvert - GRANTED as to the portion of the email from Ms. Galetto, DENIED as to the rest of the email.

[85] Defendant's Motion in Limine No. 5 to Preclude Plaintiffs from Introducing Any Evidence or Testimony Related to the Alleged Diminution of Value of the Real Property Located at 372 Puʻu Way, Haiku - GRANTED in part, DENIED in part. The testimony of Michael D. Thoemke (appraiser), Mark Guagliardo (realtor), Plaintiff Avid Amiri, and Arvind Ramani (buyer) regarding the appraisal or valuation of the property is precluded. Mr. Thoemke's appraisal reports are also precluded from being introduced during trial.

Guagliardo, Amiri, and Ramani may testify about information they personally know, including, for example: the price at which Amiri purchased the property, the prices at which he listed the property, and the price for which he sold the property. They cannot testify as to their opinions regarding the value of the property. The value of the property as determined by county tax assessors is admissible.

[86] Defendant's Motion in Limine No. 6 to Preclude Plaintiffs' Speculative Damages - DENIED.

Parties are referred to Magistrate Judge Rom Trader to schedule a settlement conference.

Submitted by: Shelli Mizukami, Courtroom Manager